IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KEVIN J. CARUSO and MERRIDEE HANSEN FARR, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A., a national banking association, successor-in-interest to NATIONAL CITY BANK, ROE CORPORATIONS I – X; JOHN DOES 1 – 10;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' [23] MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-01170 DN<br><br>District Judge David Nuffer |

Plaintiffs Kevin J. Caruso and Merridee Hansen Farr ("Plaintiffs") moved for summary judgment ("Motion")[1] on the two causes of action set forth in their Complaint[2] against Defendant PNC Bank, N.A. ("PNC"): quiet title and damages under Utah Code Ann. 57-1-38(3). PNC opposed[3] the Motion. Plaintiffs replied[4] in support. Because there is a disputed issue of material fact, the Motion is DENIED.

## BACKGROUND

As set forth in the Motion, Plaintiffs bring this quiet title action seeking to establish that they own property (the "Property") that they purchased at a June 2017 trustee's sale free of any encumbrance by PNC.[5]

---

[1] Motion for Summary Judgment and Memorandum in Support, docket no. 23, filed January 24, 2018.

[2] Complaint, docket no. 3-2, filed October 30, 2017.

[3] PNC Bank's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("Opposition"), docket no. 28, filed March 12, 2018.

[4] Reply Memorandum in Support of Motion for Summary Judgment ("Reply"), docket no. 36, filed April 6, 2018.

[5] Motion at 2.

The Property at issue was originally purchased in 2004 by Kim Jensen.[6] In 2005, Mr. Jensen opened a $400,000 revolving home equity line of credit with PNC's predecessor in interest, National City Bank.[7] That home equity line of credit was secured by a deed of trust against the Property.[8]

In 2008, Mr. Jensen refinanced the Property with a new loan from another bank for $1,956,500.00.[9] The refinancing was intended to pay off, among other things, the home equity line of credit with National City Bank.[10] Payment was sent to National City Bank, and was purportedly accompanied by a letter of authorization from Mr. Jensen that directed National City Bank to close the home equity line of credit.[11]

In 2012, Mr. Jensen borrowed $300,000 from American United Family of Credit Unions. That loan was also secured by a trust deed against the Property.[12] Mr. Jensen defaulted on this loan and a notice of default was recorded on January 25, 2017.[13] The property then was sold at trustee's sale under the AUFCU trust deed on June 8, 2017. Plaintiffs purchased the Property for $355,000.[14]

As stated at the outset of this memorandum decision, Plaintiffs' Complaint contains two causes of action: quiet title and damages pursuant to Utah Code Ann. 57-1-38(3). In support of their Motion, Plaintiffs argue that undisputed facts show that PNC failed to comply with Utah

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3.

[10] *Id.*

[11] Opposition at 4.

[12] Motion at 3.

[13] *Id.*

[14] *Id.*

law which required PNC to release its security interest in the Property following receipt of Mr. Jensen's payment and his signed authorization letter. Because of this failure, Plaintiffs say title to the Property should be quieted in their favor and Plaintiffs should be awarded damages.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[16] In determining whether there is a genuine dispute as to material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[17] The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[18]

## DISCUSSION

Utah Code Ann. § 57-1-38 establishes that a secured lender, or one who is the beneficiary on a trust deed,[19] who enters into an agreement with a borrower to loan the borrower money on a continuing basis, otherwise known as a revolving credit line,[20] *shall* close the revolving credit line and release any security interest if two specific conditions are met.[21] The secured lender must receive "payment in full from a third party involved in a sale or loan transaction affecting

---

[15] Fed. R. Civ. P. 56(a).

[16] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[17] *Id.*

[18] *Id.* at 670–71.

[19] Utah Code Ann. § 57-1-38(1)(b)(ii).

[20] Utah Code Ann. § 57-1-38(1)(a).

[21] Utah Code Ann. § 57-1-38(5).

the security interest[,]" and the "written request to close the credit line."[22] That same section provides that:

> [a] secured lender . . . who fails to release a security interest on a secured loan within 90 days after receipt of the final payment of the loan is liable to the . . . owner or title holder of the real property for: (a) the greater of $1,000 or treble actual damages incurred because of the failure to release the security interest, including all expenses incurred in completing a quiet title action; and (b) reasonable attorneys' fees and court costs.[23]

Plaintiffs' two causes of action are based in this section, and Plaintiffs argue that the undisputed facts show that PNC failed to comply with the requirements of this section and is therefore subject to its civil penalties. Specifically, Plaintiffs argue that the undisputed facts show that PNC failed to release its interest in the Property despite having received Mr. Jensen's repayment of the amount owing under the home equity line of credit and his written, signed request to close the line of credit.[24] Because this is the exact sort of scenario outlined in Utah Code Ann. § 57-1-38(3), Plaintiffs assert that they are entitled to an award of damages.[25] However, the undisputed material facts do not show that Plaintiffs are entitled to summary judgment on either cause of action.

Paragraph numbers 8 and 9 of Plaintiffs' statement of purported undisputed material facts state:

> 8. At the time of the Refinance, First American Title sent payment to National City Bank of $388,934.02, which was notated as payoff of loan, interest of $468.23, and an early termination fee of $350.00.
>
> 9. Along with the payoff of the Line of Credit, Kim Jensen's signed request to close the Line of Credit was also sent.[26]

---

[22] *Id.*

[23] Utah Code Ann. § 57-1-38(3).

[24] Motion at 2.

[25] *Id.*

[26] *Id*. at 5.

4

Plaintiffs support these facts with citations to copies of the check itself, the copy of the letter from Kim Jensen authoring the closure of the account, and the FedEx shipping label attached to the envelope containing the two documents.[27]

PNC does not dispute that the payment was sent as provided in Plaintiffs' undisputed fact number 8.[28] But PNC denies that it ever received the written request to close the account that is detailed in Plaintiffs' fact number 9.[29] PNC supports this denial with citation to declaration testimony,[30] creating a material dispute of fact. The declaration of PNC Loan Support Associate Gwendolyn Robison attached to, and referenced in, the Opposition specifies that the file on Mr. Jensen's home equity line of credit does not contain any signed authorization from Mr. Jensen to close the account.[31]

Oddly, PNC argues that—citation to Ms. Robison's declaration notwithstanding—the *receipt* of any written authorization to close the home equity line of credit is somehow immaterial in light of other arguments advanced in their Opposition.[32] However, this argument ignores the plain language of Utah Code Ann. § 57-1-38. Again, under that section, a secured lender *shall* close a revolving credit line and release a security interest *only if* the secured lender *received* both repayment in full *and* a written request to close the credit line.[33] Receiving both identified documents is absolutely material to Plaintiffs' causes of action.

---

[27] *Id.*

[28] Opposition at 11.

[29] *Id.* at 11–12.

[30] *Id* at 12.

[31] Declaration of Gwendolyn Robison at ¶ 4, docket no. 28-3, filed March 12, 2018.

[32] Opposition at 12.

[33] Utah Code Ann. § 57-1-38(5).

Plaintiffs do not cite to additional evidence to rebut that this material fact is in dispute as is required under DUCivR 56-1(d). Instead, Plaintiffs only offer legal argument that the declaration is somehow inadmissible.[34] But even if the declaration provided by PNC was somehow inadmissible, Plaintiffs' purported statements of undisputed facts do not affirmatively demonstrate that PNC ever *received* such a request as the Utah statute requires. Their facts only show that payment and a written request from Mr. Jensen were *sent.*

Although PNC advances other arguments in its Opposition pertaining to standing, mootness, estoppel, and the running of limitations periods, it is unnecessary to address those arguments due to this material issue of fact. PNC's receipt of Mr. Jensen's written request to close his home equity line of credit account is in dispute. And because the facts do not show that PNC violated Utah Code Ann. § 57-1-38, then title to the property cannot be quieted in favor of Plaintiffs and damages cannot be assessed.

This material dispute, as well as Plaintiffs' own failure to provide evidence that shows that PNC *actually received* the written request to close the account, precludes summary judgment on both causes of action. Plaintiffs' Motion is DENIED.

---

[34] Reply at 8.

**ORDER**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment[35] is DENIED.

Signed September 4, 2018.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[35] Motion for Summary Judgment and Memorandum in Support, docket no. 23, filed January 24, 2018.