IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN J. CARUSO and MERRIDEE HANSEN FARR,<br>Plaintiffs,<br>v.<br>PNC BANK, N.A. a national banking association, successor-in-interest to National City Bank, Rose Corporations I-X, John Does 1-10;<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' [49] MOTION TO REMAND**<br><br>Case No. 2:17-cv-01170-DN<br><br>District Judge David Nuffer |
| PNC BANK, N.A.<br>Counterclaimant,<br>v.<br>KEVIN J. CARUSO and MERRIDEE HANSEN FARR,<br>Counterclaim-Defendants. | |
| KEVIN J. CARUSO and MERRIDEE HANSEN FARR,<br>Third-Party Plaintiffs<br>v.<br>KIM R. JENSEN, an individual, FIRST AMERICAN TITLE INSURANCE AGENCY, LLC, a Utah limited liability company, and SELECT PORTFOLIO SERVICING, INC., as servicer or successor in interest to FRONTIER BANK, FSB Fed. R. Civ. P. 19(a) Indispensable Party | |

Plaintiffs Kevin J. Caruso and Merridee Hansen Farr (collectively "Plaintiffs") filed the

Motion to Remand (the "Motion"), [1] seeking to remand this case back to the Utah Fifth District

---

[1] Motion for Remand, docket no. 49, filed June 14, 2018.

Court for Washington County, Utah. Plaintiffs argue that the third party defendants named in Plaintiffs' Third Party Complaint[2] (which they pleaded due to a counterclaim against them) are nondiverse and destroy diversity jurisdiction. PNC Bank, N.A. ("PNC") opposed,[3] the removal as does Third Party Defendant First American Title Insurance Agency ("First American").[4] Plaintiffs replied in support.[5]

As it was evident that Plaintiffs' addition of nondiverse parties might affect jurisdiction over this lawsuit, additional briefing was ordered, specifically to address factors used by other federal courts to resolve these sorts of issues.[6] The parties complied and provided briefing.[7]

Because Plaintiffs have added a nondiverse party as a Third Party Defendant in response to PNC's counterclaims, remand is appropriate under 28 U.S.C.A. 1447(e). The Motion is Granted.

**Contents**

BACKGROUND ................................................................................................................. 3
DISCUSSION ..................................................................................................................... 5
    The Question of Remand Can Only Be Decided on the Basis of One of the Third Party Defendants ........................................................................................................... 5
    Remand is Appropriate Under the *Hensgens* Factors ....................................................... 6
ORDER ............................................................................................................................. 11

---

[2] Answer to PNC Bank, N.A.'s Counterclaim and Third Party Complaint, docket no. 39, filed May 10, 2018.

[3] PNC Bank's Memorandum in Opposition to Plaintiffs' Motion for Remand ("PNC Opposition"), docket no. 55, filed July 6, 2018.

[4] Memorandum in Opposition to Motion to Remand ("First American Opposition"), docket no. 52, filed June 27, 2018.

[5] Reply Memorandum in Support of Motion to Remand ("Plaintiffs' Reply to PNC"), docket no. 67, filed July 27, 2018; Reply Memorandum in Support of Motion to Remand ("Plaintiffs' Reply to First American"), docket no. 64, filed July 20, 2018,

[6] Docket Text Order taking under advisement [49] Motion to Remand to State Court, docket no. 79, filed December 7, 2018.

[7] Supplemental Memorandum in Response to Court's Inquiry Re: *Hengens* Analysis ("First American Supplemental Brief"), docket no. 80, filed December 14, 2018; PNC Bank's Supplemental Memorandum Addressing Federal Jurisdiction ("PNC's Supplemental Brief"), docket no. 81, filed December 14, 2018; Plaintiffs' Supplemental Memorandum Addressing *Hengens* ("Plaintiffs' Supplemental Brief"), docket no. 83, filed December 21, 2018.

## BACKGROUND

Plaintiffs originally filed their Complaint in the Utah Fifth Judicial District Court for Washington County on September 26, 2017.[8] Plaintiffs' Complaint contained one cause of action for quiet title against PNC and another for damages.[9] As alleged in the Complaint, Plaintiffs purchased a home (the "Property") at a public auction in June, 2017 for $355,000.[10] According to the Complaint and PNC's Answer and Counterclaim,[11] the Property was used as collateral for a number of loans, which created the issues in this case.

In 2005, Mr. Kim R. Jensen ("Jensen") used the Property as collateral to obtain a $400,000 line of credit loan with PNC's predecessor in interest, National City Bank (the "Line of Credit").[12] A deed of trust on the Property was executed in favor of National City Bank.[13] In 2008, Mr. Jensen obtained a refinancing loan from Frontier Bank FSB for $1,956,500.00 (the "Refinancing Loan").[14] The proceeds of the Refinancing Loan were intended to be used to pay off, among other things, the Line of Credit.[15] Payment in full on the Line of Credit's balance was sent to National City Bank.[16] The payment was purportedly accompanied by a letter of authorization from Mr. Jensen that directed National City Bank to close the Line of Credit.[17]

---

[8] Notice of Removal, Exhibit 1, Summons and Complaint ("Complaint"), docket no. 2-1, filed October 30, 2017.

[9] *Id.* at 5–7.

[10] *Id.* at 5.

[11] First Amended Answer and Counterclaim ("PNC's Answer and Counterclaim"), docket no. 34, filed April 5, 2018.

[12] Complaint at 3.

[13] *Id.*

[14] *Id.* at 4.

[15] *Id.*

[16] *Id.*

[17] *Id.*

Despite crediting the payment, National City Bank did not close the Line of Credit, nor did National City Bank reconvey the deed of trust.[18] A few months after sending the payment, Jensen began drawing on the Line of Credit again.[19] The balance owing on the Line of Credit, including interest and charges as of the filing of PNC's Counterclaim is $350,864.68.[20]

In 2012, Jensen borrowed $300,000 from American United Family of Credit Unions ("AUFCU"). This loan was also secured by a trust deed against the Property.[21] Mr. Jensen defaulted on this loan and a notice of default was recorded on January 25, 2017.[22] The Property was purchased by Plaintiffs at trustee's sale under the AUFCU trust deed on June 8, 2017.[23]

After discovering PNC's interest in the Property (as the successor in interest to National City Bank), Plaintiffs filed the Complaint in State Court. PNC removed the Complaint to the United States District Court for the District of Utah on October 30, 2017.[24] PNC's removal asserted diversity as a basis for federal jurisdiction.[25] On April 5, 2018, PNC filed an answer, which included three counter claims for relief against Plaintiffs.[26]

On May 10, 2018 Plaintiffs answered the counterclaims.[27] Based on PNC's allegations, Plaintiffs' answer also included a third party complaint which named one individual and two entities: (1) Kim R. Jensen, (2), First American Title Company (the entity allegedly responsible

---

[18] PNC's Answer and Counterclaim at 11.

[19] *Id.*

[20] *Id.*

[21] Complaint at 4.

[22] *Id.* at 5.

[23] *Id.*

[24] Notice of Removal, docket no. 3, filed October 30, 2017.

[25] *Id.* at 2.

[26] PNC's Answer and Counterclaim at 12–15.

[27] Answer to PNC Bank, N.A.'s Counterclaim and Third Party Complaint, docket no. 39, filed May 10, 2018.

4

for sending Jensen's payoff of Line of Credit to National City Bank), and (3) Select Portfolio Servicing, Inc. ("Select") (the entity that is allegedly the current beneficiary of the trust deed executed as part of the Refinancing Loan.)[28]

## DISCUSSION

### The Question of Remand Can Only Be Decided on the Basis of One of the Third Party Defendants

Before addressing the question of remand, certain issues with Plaintiffs' Third Party Complaint must be acknowledged. Plaintiffs allege in the Third Party Complaint—which is central to their argument for remand—that none of the named third party defendants are diverse: Kim R. Jensen is alleged to be a citizen of Utah; Select Portfolio Services is alleged to be a Utah corporation with its principal place of business in Utah; and First American Title Company is alleged to be a Utah limited liability company. However, PNC asserted in its Opposition that First American Title Company is a California entity and provided proof that First American Title Company was served in California.[29] Plaintiffs conceded in their Reply that First American Title Company is a diverse third party defendant.[30] First American Title Company is therefore diverse and the Motion cannot be granted on the basis of First American Title's Company's presence in this lawsuit.

It must also be noted that Plaintiffs' Third Party Complaint and their briefing does not make it clear how Select is aligned in this lawsuit. Although Plaintiffs' indicate in their caption that they are bringing a Third Party Complaint against Select, suggesting that Select is a third party under the terms of Fed. R. Civ. P. 14, the body of the Third Party Complaint alleges that

---

[28] *Id.* at 7–8.

[29] PNC's Opposition at 6.

[30] Plaintiffs' Reply to PNC at 3.

5

Select is "believed to be an indispensable party under Fed. R. Civ. P. 19(a)(1)(B)."[31] Based on allegations across Plaintiffs' Complaint and PNC's Counterclaim, it is clear that, as the successor in interest to the refinancing loan, Select may well have an interest in the Property. It would seem then that Select would need to be joined under Fed. R. Civ. P. 19 as another *defendant* on Plaintiffs' Quiet Title claim. But Plaintiffs do not articulate a claim *against* Select. Instead, Plaintiffs argue in their first claim for relief that Select must "be required to answer PNC's . . . counterclaim[,]"[32] which suggests that Select is to be joined as counterclaim defendant *alongside* Plaintiffs.

Confusion aside, while parties are permitted to assert claims *against* third parties when answering a claims in a lawsuit under Fed. R. Civ. P. 14,[33] if a party seeks to join a "required" or "indispensable" party under Fed. R. Civ. P. 19 a motion for a court order is required.[34] Plaintiffs filed no such motion here and Select therefore is not yet in this lawsuit. And it appears that Select will not be a party to the lawsuit as Plaintiffs have also moved to amend their answer to PNC's counterclaim and name another party in place of Select.[35] Nevertheless, as the following analysis demonstrates, it is Jensen's presence in the lawsuit that warrants remanding this case back to state court.

### Remand is Appropriate Under the *Hensgens* Factors

"[S]ince the courts of the United States are courts of limited jurisdiction[,]" there is a presumption against the existence of federal jurisdiction.[36] Because the Federal Rules of Civil

---

[31] Answer to PNC Bank, N.A.'s Counterclaim and Third Party Complaint at 7.

[32] *Id.* at 10.

[33] Fed R. Civ. P. 14(a)(1).

[34] Fed R. Civ. P. 19(a)(2).

[35] Motion to Amend Complaint to Substitute Party, docket no. 82, filed December 21, 2018.

[36] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Procedure permit a defendant to bring in third parties to a lawsuit, a plaintiff is also permitted bring in a third party to the lawsuit "[w]hen a claim is asserted against [the] plaintiff."[37] The addition of third parties, however, can implicate jurisdictional issues when federal jurisdiction over a case is based on diversity. When these situations arise, the applicable statutes must be examined closely.[38]

28 U.S.C.A. § 1367 provides that "[i]n any civil action of which the district courts have original jurisdiction founded solely on [the diversity jurisdiction provisions of] section 1332 of this title, the district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14."[39] This limitation in §1367 is a sensible limitation on plaintiffs and the choice to file in federal court. As the legislative history establishes:

> In diversity-only actions the district courts may not hear plaintiffs' supplemental claims when exercising supplemental jurisdiction would encourage plaintiffs to evade the jurisdictional requirement of 28 U.S.C. S 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis.[40]

In instances where a plaintiff originally chose to file a lawsuit in state court, a defendant removed the lawsuit to federal court, and then plaintiff sought to add a nondiverse party, 28 U.S.C.A. § 1477 establishes that the federal court may choose to do one of two things: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

---

[37] Fed R. Civ. P. 14(b).

[38] *See Butcher v. Hildreth*, 992 F. Supp. 1420, 1422 (D. Utah 1998) ("Where jurisdiction over the original action is based solely on diversity, [whether] the joinder of a third party destroys diversity . . . is far from clear. In order to answer the question presented one must look to the . . . statute.").

[39] 28 U.S.C.A. § 1367(b).

[40] H.R. Rep. No. 101-734, at 29 (1990) *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875.

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[41]

When presented with these situations, federal courts favor remand. As the Eleventh Circuit has established:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.[42]

Resolution in the favor of remand is not automatic. Although the Tenth Circuit has not addressed the question of the appropriateness of remanding a case to state court under § 1447, other federal courts[43] considering remand under that statute have utilized factors first established by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co.*[44]

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. . . . In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. **For example, the court should consider [(1)] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [(2)] whether plaintiff has been dilatory in asking for amendment, [(3)] whether plaintiff will be significantly injured if amendment is not allowed, and [(4)] any other factors bearing on the equities.[45]**

With the addition of Jensen as a nondiverse third party defendant, the *Hensgens* factors weigh in favor of Plaintiffs' requested remand to state court.

---

[41] 28 U.S.C.A. § 1447(e).

[42] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

[43] *See Lewis v. Grunden,* No. 08–863, 2009 WL 113421 (E.D. PA. Jan. 16, 2009*); Tujague v. Atmos Energy Corp.*, No. 05-2733, 2008 WL 489556, (E.D. LA Feb. 20, 2008).

[44] 833 F.2d 1179 (1987).

[45] *Id.* at 1182 (emphasis added).

The purpose of including Jensen as a third party defendant under Fed. R. Civ. P. 19 does not appear to be for the purpose of defeating federal jurisdiction. Although Plaintiffs identified Jensen in the Complaint,[46] they alleged that Jensen had paid off the Line of Credit that is the basis for PNC's purported interest in the property.[47] After Defendants removed the Complaint to federal court and specified in their Answer and Counterclaim that Jensen continued to draw on Line of Credit,[48] Jensen's role in in this case and PNC's claim to an interest in the Property was clear. Plaintiffs' addition of Jensen to the lawsuit after these allegations came to light is understandable, and now Plaintiffs seek to have Jensen indemnify them should PNC prevail.[49]

Because of this, Plaintiffs were not dilatory in seeking to add Jensen as a third party defendant. Again, it was PNC that included in its Answer and Counterclaim the allegations regarding Jensen's continued withdrawals on the Line of Credit. Plaintiffs timely responded to the PNC counterclaim, and based on the PNC's additional allegations, sought to add Jensen to the lawsuit as a third party defendant.

PNC argues that Plaintiffs will not be prejudiced if jurisdiction is not exercised over their third party complaint.[50] But this will create the situation where Plaintiffs' Complaint will be litigated in federal court while Plaintiffs' dependent claims against Jensen will have to proceed in state court. In arguing that the facts here do not support the Plaintiffs under the third *Hensgens* factor, PNC reiterates that this matter should be decided under § 1367(b) rather than § 1447.[51] This argument ignores the legislative history outlined earlier. The provisions of § 1367(b) were

---

[46] Complaint at 3.

[47] *Id.* at 4.

[48] PNC's Answer and Counterclaim at 11.

[49] Answer to PNC Bank, N.A.'s Counterclaim and Third Party Complaint at 9.

[50] PNC's Supplemental Brief at 10.

[51] *Id.*

designed to prevent a plaintiff from subverting the diversity jurisdiction requirements by choosing to file in federal court and waiting until after filing to bring in nondiverse parties. PNC is responsible for bringing this case to federal court. The removal statutes, including §1447, control. Plaintiffs, having named Jensen as a third party defendant after PNC Bank made a claim against them suggesting the need for the claim against Jensen, are appropriately seeking a remedy. Having to litigate two dependent claims in two courts is a waste of resources, potentially rendering inconsistent results, and prejudicial.

PNC's insistence that § 1367(b) controls demonstrates why remand is appropriate under the final *Hensgens* factor regarding equity. Plaintiffs chose to file in state court and PNC haled them to federal court. After making allegations that show why the actions of Jensen may have created the issue at hand, PNC seeks to deny Plaintiffs the opportunity to litigate these issues in a single lawsuit. And PNC does so by relying on a statute intended to serve as check on a *plaintiff's choice* to litigate in federal court. PNC's argument would lead to an inequitable result. Remanding this case to state court, where these nondiverse parties may adjudicate these issues in a single lawsuit is the equitable result. Plaintiffs' Motion is granted.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court[52] is GRANTED.

The clerk is directed to close this case.

Signed March 29, 2019

BY THE COURT

David Nuffer
United States District Judge

---

[52] Motion for Remand, docket no. 49, filed June 14, 2018.